UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,        07 Civ. (   )

   -against-

                                    **COMPLAINT**

TOWN OF GREENBURGH, New York,

                                    **Jury Trial Demanded**

              Defendant.
                                    **07 CIV. 4062**
------------------------------------------------------------x

       Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant TOWN OF GREENBURGH, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Town has adopted and enforces the following code provisions, which provide in pertinent respect:

"**Chapter 430: STREETS AND SIDEWALKS**

\*     \*     \*

**§430-2. Permit required.**

A. No person, firm, corporation. . .shall, unless a permit has first been issued by the Department of Public Works:

    (1) . . .install any. . .fixed boxes or other containers. . .

    (2) . . .over or upon any. . .public right-of-way, sidewalk or public place within the Town.

\*     \*     \*

C. Review; denial.

(1) If the Commissioner of Public Works shall determine that the issuance of such permit. . .in any way be detrimental to the public health, safety or welfare or in any way adversely affect the best interests of the Town, he may deny such permit. . .

\*           \*           \*

### §430-9. Prohibited acts; exceptions.

A. No. . .object shall be placed in the first five feet of shoulder or sidewalk area of any highway or public right-of-way measured from the curb or edge of a traveled way. . .

\*           \*           \*

### §430-10. Permitted acts.

. . .objects may be placed in that portion of the shoulder or sidewalk area of a highway or public right-of-way which is more than five feet measured from the curb or edge of the traveled way. . .Objects so placed must be incidental to the normal and permitted use of the property adjoining the public right-of-way. . .

\*           \*           \*

### §430-18. Penalties for offenses.

A. Upon conviction, any violation of the provisions of this chapter shall be punishable by a fine of not more than $750 and/or imprisonment not to exceed 15 days. Each day a violation continues shall constitute a separate offense.

B. A second and subsequent conviction for the same offense shall be a

misdemeanor punishable by a fine of not more than $1,500 and/or imprisonment not to exceed three months. Each day a violation continues shall be a separate offense."

### AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Sections 430-9 and 430-10 completely ban the placement of newsracks on public property within the Village, those code provisions violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Sections 430-9 and 430-10 on their face constitute an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises Sections 430-9 and 430-10 have chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

12. The requirement of a permit, as provided for in Section 430-2, constitutes an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed.

## AS AND FOR A FIFTH CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

14. Section 430-2(C)(1)'s vesting of unbridled authority in the Commissioner of Public Works to deny a permit if in his/her subjective opinion its issuance would in any way be detrimental to the public health, safety or welfare or in any way adversely affect the best interest of the Town" on its face constitutes an impermissible prior restraint on Plaintiff's exercise of its rights as so guaranteed.

## AS AND FOR A SIXTH CLAIM

15. Repeats and reallges as if fully set forth the allegations of paragraph "14".

16. Under the premises since the Commissioner is empowered to prohibit placement of a newsrack based upon the content of Plaintiff's speech Section 430-2(C)(1) violates Plaintiff's rights as so guaranteed.

## AS AND FOR A SEVENTH CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

18. Section 430-18's provision authorizing the criminal prosecution of Plaintiff for exercising its rights as guaranteed by the First Amendment constitutes an unlawful prior restraint, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

   a. Declaring Sections 430-2, 430-9, 430-10, and 430-18 of the Town Code violative of Plaintiff's First Amendment rights,

   b. Ordering the Town to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

   c. Permanently enjoining Defendant from enforcing as against Plaintiff Article 430 of its code,

   d. Awarding such compensatory damages as the jury may determine,

   e. Awarding reasonable attorney's fees and costs, and,

f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      May 18, 2007

                                      LOVETT & GOULD, LLP
                                      By: _____
                                           Jonathan Lovett (4854)
                                      Attorneys for Plaintiff
                                      222 Bloomingdale Road
                                      White Plains, N.Y. 10605
                                      914-428-8401